IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD BILAN, | ) | Civ. No. 05-00690 ACK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU; | ) | |
| LESTER K.C. CHANG, in his | ) | |
| official capacity as Director, | ) | |
| Department of Parks and | ) | |
| Recreation, City and County of | ) | |
| Honolulu, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**BACKGROUND**

On October 28, 2005, Richard Bilan ("Plaintiff") filed
a Complaint for Declaratory and Injunctive Relief and Damages
("Complaint") against the City and County of Honolulu (the
"City") and Lester K.C. Chang in his official capacity as
Director of the Department of Parks and Recreation for the City
(collectively, the City and Mr. Chang will be referred to as
"Defendants").  The Complaint alleges that Plaintiff was employed
by the City as a groundskeeper, and that on June 1, 2005,
Defendants discharged Plaintiff from employment without first
giving him "a hearing or due process under federal and Hawaii

State law." See Complaint at 2.  The Complaint alleges five

causes of action: (1) violation of 42 U.S.C. § 1983 and the due

process clauses of the Fifth and Fourteenth Amendments to the

U.S. Constitution, (2) termination in violation of public policy,

(3) promissory estoppel, (4) breach of express contract, and (5)

breach of implied contract.  Id. at 8-10.

On February 24, 2006, Plaintiff filed a Motion for

Partial Summary Judgment ("Motion") and a supporting Concise

Statement, seeking summary judgment on the first cause of action

alleged in the Complaint.[1/]  On April 20, 2006, Defendants filed

an Opposition to the Motion, which incorporated by reference a

Concise Statement and exhibits previously filed by Defendants.[2/]

_____

[1/]It is not entirely clear from the Motion whether Plaintiff
seeks summary judgment on all claims or only on the due process
claim.  See, e.g., Motion at 15 (requesting "order granting
partial summary judgment as to liability on Bilan's due process
claim" only, but indicating that if summary judgment is granted,
the only remaining issue would be for a jury to determine the
amount of damages).  Since the Motion is styled as one for
"partial" summary judgment and only argues the merits of the due
process claim, the Court will treat the Motion as seeking summary
judgment on the first cause of action for due process violation
only, and not on the remaining four causes of action alleged in
the Complaint.

[2/]Defendants' Opposition incorporates by reference
Defendants' (1) Motion to Dismiss and (2) Separate and Concise
Statement of Facts in Support of Motion to Dismiss, both filed on
March 6, 2006.  See Opposition at 2.  At a status conference on
April 27, 2006, the Court permitted Defendants to withdraw the
Motion to Dismiss without prejudice but to keep the Separate and
Concise Statement of Facts in Support of Motion to Dismiss
("Defendants' Concise Statement" or "Def. Con. St.") as well as
all exhibits attached to the Motion to Dismiss and Defendants'
Concise Statement in the record on Plaintiff's Motion for Partial

On May 4, 2006, the parties submitted supplemental briefings at the Court's request.  On May 8, 2006, the Court held a hearing on the Motion.

## DISCUSSION

Plaintiff argues that he is entitled to summary judgment that Defendants violated his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by terminating him from City employment without affording him notice and a hearing prior to termination.  See Motion at 7.  Plaintiff's allegation appears to be that at the time of his termination, Defendants failed to recognize his rights as set forth in the Collective Bargaining Agreement and in the Hawaii Revised Statutes ("H.R.S.") governing civil service, and these failures constituted due process violations.  See Motion at 7; Complaint at ¶ 20.

Defendants argue that Plaintiff is not entitled to summary judgment because a genuine issue of material fact has been raised as to whether arbitration of Plaintiff's grievance is pending pursuant to the Collective Bargaining Agreement; if arbitration is pending, Defendants argue, the administrative grievance process must be concluded before Plaintiff may seek any redress in this Court.  See Opposition at 5-6.  Defendants argue

Summary Judgment.  Accord Notice of Withdrawal of Defendant City and County of Honolulu's Motion to Dismiss Complaint (May 4, 2006).

that, alternatively, even if the arbitration is not pending (and
thus the administrative grievance process has been completed),
Plaintiff is not entitled to summary judgment because Plaintiff
was provided adequate notice and a post-termination opportunity
to be heard through the grievance process.  See Opposition at 6-
8.

        The parties agree that Plaintiff's employment with the
City was governed by the Collective Bargaining Agreement ("CBA")
between the United Public Workers ("Union") and the City.  See
Pl. Con. St. ¶ 4; Def. Con. St. ¶¶ 2-3; see also CBA (attached to
Motion at Exhibit 9; attached to Defendants' Motion to Dismiss at
Exhibit I).  The CBA contains a grievance procedure governing
complaints by an employee or the Union alleging that the employer
violated, misinterpreted, or misapplied the terms of the CBA.
See CBA at §§ 15.01 - 15.02.  The formal grievance procedure
contained in the CBA comprises three steps: a Step 1 Grievance; a
Step 2 Appeal or Grievance; and a Step 3 Arbitration, available
when the grievance is not resolved in Step 2 and the Union
desires to submit the grievance to arbitration.  See CBA at §§
15.10 - 15.22.  Only the Union can choose to submit a grievance
to arbitration.  See CBA § 15.16.

        The parties agree that Plaintiff (through the Union)
filed formal Step 1 and Step 2 grievances with the City regarding
Plaintiff's notice of discharge.  See Pl. Con. St. at ¶ 5;

4

Defendants' Motion to Dismiss at Exhibits C and E; Declaration of Fay A. Yamamoto at ¶¶ 8, 11; Declaration of Richard Bilan at ¶ 13.  The parties agree that Steps 1 and 2 of the grievance process were completed.  See Declaration of Richard Bilan at ¶ 13; Declaration of Fay A. Yamamoto at ¶¶ 8-13.

The parties have submitted conflicting evidence as to whether a Step 3 Arbitration is pending.  Plaintiff has submitted a declaration stating that the Union decided not to pursue his grievance past step 2 and that, therefore, the administrative grievance process has been completed.  See Declaration of Richard Bilan at ¶ 13.  A September 8, 2005 letter to Plaintiff from the Union indicates that "the Union has decided not to pursue your grievance."  See Motion at Exhibit 8.

Defendants' most recent filing indicates that the City is unsure of whether the Union is pursuing arbitration.  See Notice of Withdrawal of Defendant City and County of Honolulu's Motion to Dismiss at 2-3 ("several attempts were made by the City to contact United Public Workers' representatives to ascertain their intention to pursue Plaintiff's underlying grievance. However, the union has not responded to the City's inquiries."). Defendants previously submitted declarations stating that the Union notified the City of its intention to arbitrate Plaintiff's grievance and that Plaintiff's arbitration is pending.  See Declaration of Fay A. Yamamoto at ¶¶ 14-15; Declaration of Paul

5

K.W. Au at ¶ 7.  The declarations were based on a letter sent to the City from the Union that contains contradictory language, indicating both that the Union has decided to arbitrate Plaintiff's grievance and that the Union has not yet decided whether it will arbitrate.  The letter states:

> In accordance with Section 15 of the Unit 1 collective bargaining agreement, <u>this letter is the Union's notice for arbitration</u> in the [Richard Bilan] grievance.
>
> The purpose of this notice is to provide additional time for the Union to review the merits of the grievance to pursue arbitration.  <u>After the review, the Union will inform the Employer to proceed with the arbitration procedure or not.</u>

<u>See</u> Defendants' Motion to Dismiss at Exhibit G (stamped received September 12, 2005) (emphasis added).  The City appears to have understood this letter to constitute notice of arbitration, and responded with a letter confirming receipt of the Union's "notice to arbitrate" and submitting a list of arbitrators for the Union's consideration.  <u>See</u> Defendants' Motion to Dismiss at Exhibit H.

Based on the aforementioned evidence, the Court finds that a genuine issue of fact exists as to whether the administrative grievance procedure outlined in the CBA has been completed.  In other words, the parties have submitted contradictory evidence as to whether a Step 3 Arbitration is pending pursuant to the CBA.

"In labor relations law, the general rule is that an employee is required to exhaust contractual remedies before bringing suit." See Poe v. Hawaii Labor Relations Board, 97 Haw. 528, 536, 40 P.3d 930, 938 (Haw. 2002); see also Hokama v. University of Hawaii, 92 Haw. 268, 272, 990 P.2d 1150, 1154 (Haw. 1999); Santos v. State of Hawaii, 64 Haw. 648, 655, 646 P.2d 962, 967 (Haw. 1982); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965).[3/]  The employee must afford the union the opportunity to act on his behalf.  Republic Steel Corp. v. Maddox, 379 U.S. at 652.  Thus, "where the terms of public employment are covered by a collective bargaining agreement pursuant to HRS chapter 89 and the agreement includes a grievance procedure to dispose of employee grievances against the public employer, an aggrieved employee is bound by the terms of the agreement," and where further contractual remedies exist under the collective bargaining agreement which were not exhausted by the employee, then that employee has not exhausted his available remedies. Poe, 97 Haw. at 537 (quoting Winslow v. State of Hawaii, 2 Haw. App. 50, 55, 625 P.2d 1046, 1050 (Haw. Ct. App. 1981)).  If the administrative grievance procedure is pending because the parties

---

[3/]This rule is essentially the same under Hawaii and federal law.  See Hokama, 92 Haw. at 272 and n.5.  The Court notes that federal statutory labor law does not govern this case because the Labor Management Relations Act excludes public employers from coverage under the act.  See id. at n. 5; see also 29 U.S.C. § 152(2).  However, federal law governs Plaintiff's 42 U.S.C. § 1983 due process claim.

are currently involved in arbitration under that procedure, this Court does not have jurisdiction to entertain Plaintiff's claims. See Maddox, 379 U.S. at 652-653; Poe, 97 Haw. at 531, 536-538; Winslow, 2 Haw. App. at 54-55.

Accordingly, a genuine issue of material fact precludes summary judgment on Plaintiff's first cause of action at this time.

Moreover, even if the Court were to find that no material issue of fact exists as to the arbitration, and that the arbitration is not pending, Plaintiff has not demonstrated that he is entitled to partial summary judgment. The Court interprets Plaintiff's allegation to be that prior to his termination, Defendants failed to recognize his rights as set forth in the CBA and in H.R.S. Chapter 76, and these failures to comply with the CBA and H.R.S. constituted due process violations. However, Plaintiff's argument is based substantially on an old version of H.R.S. § 76-46. That statute was amended in 2000 to eliminate the statutory requirement that an employee receive notice prior to termination, instead requiring that discharge be made in accordance with the procedures negotiated under collective bargaining agreements. See H.R.S. § 76-46; see also H.R.S. Chapter 89 (Collective Bargaining in Public Employment). Plaintiff failed to provide the Court with a copy of the CBA provisions governing pre-termination requirements and failed to

8

explain how those procedures were violated.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Court denies without prejudice Plaintiff's Motion for Partial Summary Judgment.

The Court directs Plaintiff to obtain a written statement from the Union indicating whether the Union is pursuing arbitration of Plaintiff's grievance.  If Plaintiff cannot obtain a written statement, the Court directs Plaintiff to depose a union representative.  Plaintiff must file the written statement or deposition with this Court <u>within thirty days</u> of the date of this order.  If, based on the information provided by the Union, Defendants believe that this Court does not have subject matter jurisdiction over Plaintiff's Complaint, Defendants should file a motion to dismiss.

If, after the Union's written statement or deposition has been filed, Plaintiff believes that this Court has subject matter jurisdiction over his claims and that he is entitled to summary judgment, Plaintiff may file a renewed motion for partial summary judgment (or full summary judgment).[4/]  However, the renewed motion must address the shortfalls of the first motion for partial summary judgment.

---

[4/]The motion must explicitly state on which cause or causes of action Plaintiff seeks summary judgment.  <u>See</u>, <u>supra</u>, n. 1.

Namely, first, the Court interprets Plaintiff's allegation to be that <u>prior</u> to his termination, Defendants failed to recognize his rights as set forth in the CBA and in H.R.S. Chapter 76, and these failures to comply with the CBA and H.R.S. constituted due process violations.  If Plaintiff is making some different due process allegation in the Complaint (for example, if Plaintiff is alleging that the CBA itself violates due process or that the post-termination procedures engaged in by the employer violated the CBA or H.R.S.), Plaintiff must explicitly so clarify and explain how those alleged actions violated Plaintiff's due process.

Second, Plaintiff's Motion is based substantially on an old version of H.R.S. § 76-46 and case law interpreting that prior version of the statute.  That statute was amended in 2000 to eliminate the statutory requirement that an employee receive notice prior to termination, instead requiring that discharge be made in accordance with the procedures negotiated under collective bargaining agreements.  Any future motion for summary judgment must attach the CBA provisions governing pre-termination requirements and describe how those procedures were violated.

In the event that Plaintiff files a renewed motion for summary judgment, the Court notes that Defendants' opposition to the current motion only addressed whether Plaintiff's <u>post</u>-termination due process rights were violated, but did not address

10

in any detail what <u>pre</u>-termination due process rights Plaintiff

possessed and whether those were violated by Defendants' actions.

Any future opposition should address these pre-termination

issues.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, May 8, 2006.



                        _____
                        Alan C. Kay
                        Sr. United States District Judge

<u>Bilan v. City and County of Honolulu, Civ. No. 05-00690 ACK/KSC, ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>.